PER CURIAM.
This court previously dismissed an appeal in this case “without prejudice to appellant’s right to file a timely notice of appeal after a final judgment has been rendered in the case below.” 737 So.2d 647 (Fla. 1st DCA 1999). Following entry of summary judgment below, appellant appeals the dismissal with prejudice of his claim regarding the property appraisal assessment cap contained in section 193.155, Florida Statutes. He also alleges error in the trial court’s determination that no issues remain pending.
We affirm without discussion the trial court’s dismissal with prejudice of appellant’s claim under section 193.155, Florida Statutes. The court erred, however, in finding that upon its entry of summary judgment on a deed reformation claim, no issues remained pending. The record shows that appellant through counsel alleged in paragraph three of the initial complaint that the 1997 overall assessment of the property was erroneous. In an order of March 1998, the court dismissed without prejudice appellant’s claim under section 193.155 but expressly stated that the issue of the 1997 alleged improper assessment of value remained pending. Appellant filed an amended complaint, and the court subsequently dealt with both the section 193.155 claim and appellant’s deed reformation claim. Appellant’s challenge to the 1997 overall assessment, however, was never addressed or ruled on by the lower court. Accordingly, we reverse and remand for further proceedings on this claim only.
ERVIN, MINER and BROWNING, JJ., CONCUR.